RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1/5/15
BY    gt

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANGELA MAURICE JACOBS,<br>    Appellant | CIVIL ACTION<br>NO. 1:14-cv-00945 |
| VERSUS | |
| U.S. COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Appellee | JUDGE JAMES T. TRIMBLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Angela Maurice Jacobs ("Jacobs") filed a claim for disability insurance benefits ("DIB") and/or a period of disability on December 6, 2010 (Doc. 7, Statement of Undisputed Facts) due to continuous, chronic back pain (Doc. 9, p. 2). That claim was denied by the Social Security Administration on July 7, 2011 ("SSA") (Doc. 7, Statement of Undisputed Facts). Jacobs did not request reconsideration or a de novo hearing, or otherwise appeal that initial decision (Doc. 7, Statement of Undisputed Facts & Nicoll Affidavit), and that decision became binding pursuant to 20 C.F.R. § 404.905.

Jacobs filed a second claim for DIB as well as for supplemental security income ("SSI") benefits on October 30, 2012, alleging back pain as well as breast and bone cancer (Doc. 7, Statement of Undisputed Facts; Doc. 9, p. 1, n. 1). Jacobs' claim for SSI was granted, and her claim for DIB was denied by the SSA on

the basis of res judicata (Doc. 7, Statement of Undisputed Facts; Doc. 9, pp. 1-2).

An Administrative Law Judge ("ALJ") denied Jacobs' request for a hearing and found that Jacobs' disability insured status expired after December 31, 2008 and her claim for DIB is barred by res judicata due to the July 7, 2011 decision finding Jacobs was not entitled to DIB (Doc. 7, Statement of Undisputed Facts; Doc. 9, pp. 1-2). The ALJ also treated Jacobs' application as requiring the determination of whether she was entitled to have her prior application reopened and concluded that Jacobs' evidence was not new and material and she had not shown good cause to reopen her 2010 application for DIB (Doc. 7, Ex.).[1] Jacobs requested a review of the ALJ's decision, but the Appeals Council declined to review it (Doc. 7, Statement of Undisputed Facts) and the ALJ's decision became the final decision of the Commissioner of Social Security.

On May 5, 2014, Jacobs filed this appeal for judicial review of the Commissioner's final decision (Doc. 1). The Commissioner filed a motion to dismiss the appeal (or alternatively for summary judgment) on the ground of res judicata with a statement of

---

[1] The ALJ also considered whether Jacobs has a mental impairment that would have precluded her from having the capacity to timely file her appeal of the initial denial of her 2010 application for DIB, and found that she did not (Doc. 7, Ex.; Doc. 9, pp. 1-2). Jacobs' simply states in her brief that she disputes that finding, but does not argue the point. Therefore, it is not considered herein.

undisputed facts, an affidavit, and documentary evidence[2] (Doc. 7). Jacobs filed a response to the Commissioner's motion and the Commissioner replied.

The Commissioner's motion to dismiss is now before the court for disposition.

## Law and Analysis

The initial issue in this case is whether this court has subject matter jurisdiction to review the Commissioner's final decision to dismiss Jacobs' case for res judicata. I find that it does not.

Section 405(g) of 42 U.S.C. clearly limits judicial review in social security cases to a particular type of agency action, a final decision of the Commissioner made after a hearing. A petition to reopen a prior final decision may be denied without a hearing as provided in 42 U.S.C. 405(b). Califano v. Sanders, 430 U.S. 99, 108 97 S.Ct. 980, 986 (1977). Therefore, a decision not to reopen a prior final determination, which can be made without a hearing, is not reviewable by the federal court unless the claimant challenges the Commissioner's action on constitutional grounds. Brandyburg v. Sullivan, 959 F.2d 555, 558 (5th Cir. 1992), citing Califano, 430 U.S. at 108, 97 S.Ct. at 986. Also 20 C.F.R. 404.903(l). Likewise, an ALJ's dismissal of a claimant's case on

---

[2] The Commissioner's documentary evidence consists of uncertified documents from the administrative transcript in Jacobs' case.

the basis of res judicata is unreviewable absent a colorable constitutional claim. Brandyburg, 959 F.2d at 561, citing Hensley v. Califano, 601 F.2d 216 (5th Cir. 1979). Also Riecke v. Barnhart, 194 Fed. Appx. 454 (2006).

In the case at bar, the ALJ declined to hold a hearing as to Jacobs' claim for DIB. The ALJ found instead that Jacobs' DIB claim is barred by res judicata and that Jacobs was not entitled to have her prior application reopened. Therefore, this court lacks jurisdiction to review the Commissioner's finding of res judicata and decision to not reopen Jacobs' 2010 claim.

However, Jacobs contends the ALJ erred and denied him due process by failing to hold a hearing.

A petition to reopen a prior final decision may be denied without a hearing as provided in 42 U.S.C. s 405(b). Califano, 430 U.S. at 108, 97 S.Ct. at 986, citing Ortego v. Weinberger, 516 F.2d 1005, 1007 (5th Cir. 1975). The opportunity to reopen final decisions, and any hearing convened to determine the propriety of such action, are afforded by the Commissioner's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim[3] would frustrate the congressional

---

[3] In the case at bar, Jacobs did not file a motion entitled "petititon to reopen" his DIB claim, but instead apparently filed another DIB claim for the same period for which benefits had previously been denied. That is, effectively, a petition to reopen.

4

purpose, plainly evidenced in 42 U.S.C. §405(g), to impose a 60-day limitation upon judicial review of the Commissioner's final decision on the initial claim for benefits. 20 CFR s 404.981 (1976). Congress' determination to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Califano, 430 U.S. at 108, 97 S.Ct. at 986.

It was within the ALJ's discretion to decline to hold a hearing on the issues of whether Jacobs' current application for DIB was barred by res judicata and whether Jacobs previous application for DIB should be reopened. Jacobs has not challenged the Commissioner's denial of her petition to reopen on constitutional grounds, but only seeks an additional opportunity to establish that she satisfies the Social Security Act's eligibility standards for disability benefits. Therefore, Section 405(g) does not afford subject matter jurisdiction in this case. Compare Califano, 430 U.S. at 109, 97 S.Ct. at 986; Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997).

Jacobs' appeal should be dismissed for lack of subject matter jurisdiction.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Jacobs' appeal be DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 5th day of January 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE